UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES SZCUZUKOWSKI and all others
similarly situated,

        Plaintiffs,

v.                                              Case No. 03-10007-BC
                                                Honorable David M. Lawson

LOUISIANA-PACIFIC CORPORATION
d/b/a LP ALPENA, a Delaware corporation
doing business in the State of Michigan,

        Defendant.
_____/

## ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT AND CONDITIONAL CERTIFICATION OF CLASS

This matter is before the Court on the parties' joint motion for approval of their class action settlement. The named plaintiff and the proposed class members live in Alpena County near a manufacturing plant owned by the defendant. The plaintiff alleges that pollution and air contaminants from the plant entered his property, exposing him to "horrific odors" and reducing the value of his property. In a five-year period, the Michigan Department of Environmental Quality received over 330 complaints about the air quality. The plaintiff asserted trespass, nuisance, and negligence or gross negligence claims on behalf of himself and others similarly situated.

To qualify for class certification, a class must meet the requirements of numerosity, commonality, typicality, and adequate representation. Fed. R. Civ. P. 23(a). A class must also satisfy one of the subsections of Federal Rule of Civil Procedure 23(b) to be certified. Subsection (b)(3) provides for class certification where "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The parties have proposed to define the class as "all persons who owned and additionally resided in their single-family residence within the City of Alpena, Michigan from December 10, 1999

to June 9, 2005." J. Mot. at 2.  The Court finds that this class meets all the requirements of Rule 23(a) as well as Rule 23(b)(3).

Rule 23(e) states, "The court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class." Fed. R. Civ. P. 23(e)(1)(A).  In deciding whether to approve a class action settlement, the "ultimate issue" for the Court is whether the proposed settlement "is fair, adequate, and reasonable." *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983).  District courts must "appraise the reasonableness of particular class-action settlements on a case-by-case basis, in light of all the relevant circumstances." *Evans v. Jeff D.*, 475 U.S. 717, 742 (1986).  The proposed settlement between the plaintiff class and the defendant appears, upon preliminary review, to be within the range of reasonableness.

The parties have agreed that notice of the class and the proposed settlement will be published in the *Alpena News* once a week for two weeks and mailed by first class mail to potential class members.  Rule 23(c)(2)(B) requires that class members must be given "the best notice practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B).  That notice must clearly state the following information:

- the nature of the action,
- the definition of the class certified; the class claims, issues, or defenses,
- that a class member may enter an appearance through counsel if the member so desires,
- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
- the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).  The Court finds that the proposed notice meets the requirements of Rule 23(c)(2)(B).

Accordingly, it is **ORDERED** that this case is conditionally certified as a class action on behalf of the following class of plaintiffs: "All persons who owned and additionally resided in their single-family residence within the City of Alpena, Michigan from December 10, 1999 to June 9, 2005."

It is further **ORDERED** that the proposed class settlement agreement is preliminarily approved.

It is further **ORDERED** that the proposed settlement agreement shall be submitted to the class members for their consideration and for a hearing under Fed. R. Civ. P. 23(e).  Class counsel shall mail, by first class mail, postage prepaid, the proposed notice of class settlement to all class members who can be identified through reasonable efforts on or before **December 6, 2005.**

It is further **ORDERED** that a hearing shall be held at **2:30 p.m. on Tuesday, February 14, 2006**, to consider whether the settlement should be given final approval.

It is further **ORDERED** that the plaintiffs' previous motion for class certification [dkt # 19] is **DENIED** as moot.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: November 8, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 8, 2005.

s/Tracy A. Jacobs  
TRACY A. JACOBS