UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES SZCUZUKOWSKI and all others
similarly situated,

        Plaintiffs,

v.                                        Case No. 03-10007-BC
                                        Honorable David M. Lawson

LOUISIANA-PACIFIC CORPORATION
d/b/a LP ALPENA, a Delaware corporation
doing business in the State of Michigan,

        Defendant.

_____/

## ORDER CERTIFYING CLASS ACTION AND APPROVING SETTLEMENT AGREEMENT

      This matter is before the Court on the parties' joint motion for approval of their class action settlement. The named plaintiff and the proposed class members live in Alpena County, Michigan near a manufacturing plant previously owned by the defendant. The plaintiff alleges trespass, nuisance, and negligence or gross negligence claims on behalf of himself and others similarly situated. On February 14, 2006, the Court held a fairness hearing on the proposed settlement agreement. At the hearing, the Court found that the settlement is fair, adequate, reasonable, and in the public interest. This Order records the Court's findings and explains the decision made at the hearing.

      The parties have agreed to the following definition of the plaintiff class: "any current or former owner of any single family residence within the City of Alpena for the time periods such owner actually resided in that residence during the Class Period." The class period is defined as from December 10, 1999 to June 9, 2005. This class is divided into three subclasses, North Side Subclass, MDEQ Subclass, and Remainder Subclass. Class members will qualify by signing an affidavit form and submitting proof of ownership and residency within 60 days after the entry of this Order. The plaintiff shall notify class members of their rights and responsibilities with regard to the award within fourteen days after the entry of this Order. Counsel for the plaintiff shall be responsible for

administering the settlement funds and tendering payments to the class according to the terms of the settlement agreement.

The North Side Subclass consists of all owner/residents from a certain geographical area. The parties submitted a map of that area. The MDEQ Subclass consists of Alpena owner/residents who do not live in the North Side area but who filed a documented odor complaint with the Michigan Department of Environmental Quality. The final subclass is made up of all other Alpena owner/residents who do not fit into the other two classes.

The settlement provides that the defendant will pay a sum not to exceed $915,000 in full satisfaction of all claims, costs, and attorney's fees, to be allocated as follows:

The plaintiff class representative will receive $5,000. Class plaintiffs in the North Side Subclass will receive $600 per household if they lived in a qualifying residence for the entire class period. If the subclass members lived in the North Side area for a shorter period, they will receive a per diem portion of $600. Payments to this class will not exceed $425,000. If necessary, each class member's payment will be reduced so that the total payment does not exceed this amount.

The MDEQ Subclass members will receive $500 per household if they lived in the city (but outside the North Side Subclass area) for the entire class period. If the subclass members lived in the city for a shorter period, they will receive a per diem portion of $500. The payments to this class will not exceed $25,000.

The Remainder Subclass members will be paid from a fund of $150,000. Each member will receive $200 per household if he or she lived in the city for the entire class period. If the subclass members lived in the city for a shorter period, they will receive a per diem portion of $200. If money remains in the fund after all claims have been paid, the money will be donated to civic organizations or government agencies in Alpena. The defendant will also pay $60,000 to civic organizations or

-2-

government agencies for the benefit of Alpena residents.  No one organization or agency will receive more than $10,000.

On November 8, 2005, the Court conditionally certified the class and preliminarily approved the settlement.  On December 6, 2005, notice of the class action certification and settlement were mailed to 4,082 persons in the Alpena, Michigan area, which constitutes the potential class.  In addition, the notice was published in the Alpena News.  These notices stated that written objections or requests to opt out must be filed no later than January 31, 2006.  Forty persons opted out; no other objections were received.  At the hearing conducted on February 14, 2006, there were no objections or requests to opt out.

In deciding whether to approve a class action settlement, a court must determine whether the settlement is fair, adequate, and reasonable to those it affects and whether it is in the public interest. *Williams v. Vukovich*, 720 F2d 909, 921-23 (6th Cir. 1983).  In determining fairness, the court has considered whether the interests of counsel and the named plaintiff are "unjustifiably advanced at the expense of unnamed class members." *Id.* at 923.  The Court believes the small percentage of class members who chose to opt out–less than one percent–confirms the reasonableness of the settlement. The attorneys representing the parties to this action are experienced, and their judgment that this settlement is fair has been taken into consideration.  In addition, similar litigation has taken place in this Court in the past.  The Court recognizes the difficulties involved in proving such cases.  Given these factors, the settlement is fair, adequate, reasonable, and in the public interest.

The settlement calls for a payment by the defendant of $250,000 in attorney's fees and costs. All expenses and costs are to be paid by the plaintiff's attorney from this amount, including the expenses of administering the award to the class members.  The Court is unable to approve this part of the settlement presently because no motion for attorney's fees has been filed.  Federal Rule of Civil Procedure 23(h) permits an award of attorney's fees and costs only upon a motion under Rule 54(d)(2). The Court directs counsel for the plaintiff to file a motion for attorney's fees on or before February 23,

-3-

2006.  If the Court is unable to conclude that $250,000 is reasonable, any difference in the amount approved and the settlement amount shall be poured over into the civic organization fund unless objections are received from the defendant.

Accordingly, it is **ORDERED** that this case is certified as a class action on behalf of the following class of plaintiffs: "All persons who owned and additionally resided in their single-family residence within the City of Alpena, Michigan from December 10, 1999 to June 9, 2005."

It is further **ORDERED** that the proposed class settlement agreement is approved.  This settlement binds all class members who have not opted out.

It is further **ORDERED** that the plaintiff shall notify the class members about the procedure for filing a claim and the time in which such claim must be filed.

It is further **ORDERED** that the plaintiff shall file a motion for attorney's fees and costs according to the procedure provided by Rule 23(h) and Rule 54(d)(2) on or before **February 23, 2006**.

It is further **ORDERED** that, upon the defendant's tendering the funds to the plaintiff's counsel in accordance with the settlement agreement, this matter shall be **DISMISSED** with prejudice and without costs to any party.  Plaintiff's counsel shall notify the Court immediately upon receipt of the settlement funds.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 16, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 16, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS