UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES SZCUZUKOWSKI and all others
similarly situated,

        Plaintiffs,

v.                                                    Case No. 03-10007-BC
                                                         Honorable David M. Lawson

LOUISIANA-PACIFIC CORPORATION
d/b/a LP ALPENA, a Delaware corporation
doing business in the State of Michigan,

        Defendant.
_____ /

## **ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

This matter is before the Court on the plaintiffs' motion for attorneys' fees and costs. The parties have agreed to a settlement, the majority of which the Court approved on February 16, 2006. The settlement calls for a payment by the defendant of $250,000 in attorney's fees and costs. The attorney's fees constitute 27.32% of the total pay out. The Court could not previously approve this part of the settlement because no motion for attorney's fees had been filed as required by Federal Rule of Civil Procedure 23(h). On February 16, 2005, counsel for the plaintiffs filed such a motion.

The provision of attorney's fees in a class action case is authorized by Rule 23(h). The Court "may award reasonable attorney fees and nontaxable costs" as agreed to by the parties. Fed. R. Civ. P. 23(h). "The overriding requirement is that the award 'be reasonable under the circumstances.'" *In re Cardizem CD Antitrust Litigation*, 218 F.R.D. 508, 532 (E.D. Mich. 2003).

Factors to consider in deciding whether the attorney's fees are reasonable include how far the case has advanced, how much discovery has been conducted, the complexity of the case, the number of hours the attorneys spent on the case, and the length of litigation. One-third of the settlement, after

costs, has been found reasonable. *Lessard v. City of Allen Park*, 372 F. Supp. 2d 1007, 1010 (E.D. Mich. 2005).

After considering the factors discussed above, the Court finds the requested amount reasonable. The plaintiffs' attorney has conferred a substantial benefit on the plaintiff class. This type of litigation is quite complex, and the attorneys representing the parties are highly skilled litigators. The amount agreed upon by the parties for attorneys' fees and costs is reasonable.

Accordingly, it is **ORDERED** that the plaintiffs' motion for award of attorneys' fees and costs [dkt # 39] is **GRANTED**.

It is further **ORDERED** that counsel for the plaintiff class is awarded attorney fees in accordance with the settlement agreement placed on the record in open court on February 14, 2006, to-wit, $250,000, which sum includes all costs of litigation, and from which class counsel shall bear the cost of administering the distribution of funds according to the terms of the settlement agreement.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: March 9, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 9, 2006.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS